Bartalott v. International Bank.

## George Bartalott

### v.

## International Bank.

Collateral security—When not released by payment of principal. —Where principal notes amounting to $20,000 have been given, and two notes for $15,000 each, secured by a trust deed upon real estate, delivered as collateral thereto, the payment of the amount due upon the principal notes will not operate to release the deed of trust and two $15,000 notes held as collateral thereto, when it appears that a contract has been made between the parties previous to such payment, that all notes in the hands of the creditor, including said $15,000 notes, should be held as collateral to other outstanding debts and obligations, some of which debts and obligations were still unpaid at the time of such payment.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed February 17, 1886.

Messrs. LEAMING & THOMPSON, for appellant.

Messrs. ROSENTHAL & PENCE, for appellee.

BAILEY, P. J.    This cause is now before this court for the third time, our decisions on the former appeals being reported as International Bank v. Bartalott, 11 Bradwell, 620, and Bartalott v. International Bank, 14 Id. 158.    Issue has now been taken upon the plaintiff's amended replication to the Statute of Limitations by rejoinder, and the cause having come on for trial, the court, at the close of the evidence, on motion of the defendant, instructed the jury to find a verdict for the defendant, which was accordingly done, and judgment was rendered against the plaintiff for costs.

The facts at issue are so fully stated in the reports of our former decisions, that the following statement will suffice for the present occasion.    The plaintiff alleges that on the 12th day of October, 1870, he purchased of Samuel J. Walker, certain land in Cook county, paying him therefor the sum of $48,500, Walker procuring a conveyance of the land to the plaintiff from one Henry H. Walker, and assuring the plaintiff that it was free from incumbrance, and promising to furnish him an abstract of the title ; that Walker failing to furnish the abstract, the plaintiff, about January 1, 1874, obtained one for himself, and on examining it, ascertained that there appeared of record a deed of trust on said land bearing date July 22, 1869, executed by Henry H. Walker, to one Francis A. Hoffman, to secure two notes for $15,000 each, payable to the order of Samuel J. Walker ; that said notes had been deposited by Samuel J. Walker with the defendant as collateral security to certain other notes amounting to $20,000, and that on the 11th of September, 1873, Walker paid the defendant $20,000, and canceled the principal notes and also the two $15,000 notes secured by the deed of trust, but left all of said notes in the defendant's keeping ; that when the plaintiff discovered the incumbrance, he made diligent inquiries to learn whether it had been paid; that on asking Walker in relation to the matter, the plaintiff was informed by him that $20,000

Bartalott v. International Bank.

remained due on the deed of trust, which he, Walker, was unable to pay ; that the plaintiff then went to the defendant and made similar inquiries of its president, and received similar information ; the president representing to him that the defendant held said notes and deed of trust ; that said notes had not been paid, and that there was due thereon the sum of $20,000 ; that the plaintiff, thereupon, in order to free his land from said incumbrance, was compelled to pay and did pay to the defendant the sum of $15,000 in satisfaction of the deed of trust, and for a release of his land therefrom.    This suit was brought to recover back from the defendant the money so paid, with interest.

To authorize a recovery it must appear, among other things, that at the time of the payment by the plaintiff to the defendant of said sum of $15,000, the deed of trust had been paid, and the defendant had no right to demand of the plaintiff the payment of that sum as a condition precedent to the release of said security.    As bearing upon that question, it was shown without contradiction that for a number of years prior to the payment of said money, Samuel J. Walker had been from time to time borrowing large sums of money of the defendant, and securing the same by his own notes or the notes of H. H. Walker, and the deposit of various other securities as collaterals thereto.    On the 7th day of July, 1869, and while said transactions between Samuel J. Walker and the defendant were in progress, Walker entered into an agreement with the defendant in writing in which, after reciting that he, said Walker, had theretofore and intended thereafter to borrow money of the defendant on his own notes or the notes of H. H. Walker, and that to secure the payment of such notes he had theretofore and intended thereafter to deposit collateral securities, such securities being given to secure the payment of specific notes, said Walker agreed that, for the purpose of more fully securing the defendant, all and singular the collaterals by him given or to be given as aforesaid should, at the option of the defendant, apply generally to all notes held by the defendant executed by him or said H. H. Walker, and should also apply and be considered collaterals to secure the

payment of any and all notes negotiated by the defendant for his account.

It is also proved without contradiction that on the 11th day of December, 1873, at the time Walker paid the defendant said sum of $20,000 in satisfaction of the principal notes for which said trust deed and two $15,000 notes were held as collateral, said contract was in full force; and also, that Walker was then indebted to the defendant for loans, for which the defendant held notes secured by collaterals as contemplated in said agreement, to the amount of nearly $200,000.

The question is, and it is the vital question in the case, so far as this branch of the controversy is concerned, whether the payment of said $20,000 in satisfaction of said principal notes operated to release the deed of trust and two $15,000 notes held as collateral thereto. It is clear that under the contract above mentioned, it did not. The defendant was still entitled to hold said collaterals as general collaterals to Walker's entire indebtedness. But the plaintiff alleges that at the time the payment was made, there was a special agreement or arrangement between the defendant and Walker, that the payment of the principal notes in this instance should be deemed to operate as a redemption by Walker of these collaterals. This presented an affirmative issue which the plaintiff undertook to prove, and which it was indispensably necessary for him to prove in order to maintain his case.

On this point, however, as we understand the record, the plaintiff's evidence entirely failed. The only persons who were present or participated in the transaction were Walker and the defendant's president, and neither testifies to any such agreement or arrangement, nor do any facts or circumstances appear in evidence which tend to establish it.

It thus appears that there was an entire failure of evidence as to a material issue in the case. Under these circumstances, the court properly instructed the jury to find a verdict for the defendant. The judgment will be affirmed.

Judgment affirmed.